IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MILO A. JONES,

                    Plaintiff,

          v.                          CASE NO. 08-3288-SAC

(fnu)Boker,
et al.,

                    Defendants.

## O R D E R

This civil rights complaint was filed by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF).  Plaintiff seeks money damages from defendants Dr. Boker and HSA Stan Wofford, both employees of Correct Care Solutions, under contract with the Kansas Department of Corrections (KDOC).  He asserts his rights under the Eighth Amendment are being violated and that he is being subjected to pain and suffering due to defendants' refusal to provide medical treatment for a injured, painful shoulder.


## FACTUAL BACKGROUND

As the factual background for his claims, plaintiff's allegations together with his attached exhibits[1] indicate the following.  In 2004, plaintiff's left shoulder was injured during an incident at the EDCF.  He sued the correctional officer involved in the incident for use of excessive force, defendant defaulted, and plaintiff was awarded money damages.  Mr. Jones now alleges that he is suffering pain in his left shoulder as a result of "having to

---

[1]      Exhibits attached by plaintiff to his complaint become a part of the complaint for all purposes.

maneuver (his) wrist into an awkward position" for hand-cuffing under a new cuffing policy being enforced at EDCF[2], and he is having problems sleeping due to shoulder pain.  He sent a form 9 request to defendant Health Services Administrator (HSA) Stan Wofford seeking a medical restriction, apparently as to the cuffing policy, and was informed that he needed to fill out a medical request.  On April 7, 2008, he turned in a medical request to be seen by Dr. Boker.  On April 8, 2008, Dr. Boker responded to his medical request without examining him, stating she had reviewed his chart and x-rays and found "no indication to change the current method" of handcuffing. Plaintiff states the x-rays referred to were taken over four years earlier.  Plaintiff sent another form 9 request to the "CCS HSA administrator" regarding defendant Boker's response, and received a "cusory (sic) review of the issue."  On April 23, 2008, he turned in another medical request complaining that the EDCF's enforcement of its new handcuffing policy is causing him shoulder pain.  On April 25, 2008, plaintiff was seen by Dr. Boker, and took "paper work to authenticate" his shoulder injury.   This paper work apparently contained information regarding the "monetary awards (plaintiff) had received" in 2004.  Dr. Boker expressed irritation at the paper work, and said it was inappropriate and had no relevance to plaintiff's current medical issue.  She then denied plaintiff's request for medical treatment.  The last week of April defendant Wofford spoke with plaintiff about a form 9 plaintiff had submitted on this issue.  Wofford stated he wanted to check on plaintiff's injury at the EDCF.  On May 6, 2008, plaintiff turned in a grievance

---

[2]     He claims that the "new cuffing policy" has caused "further regeneration of pain" in his right (sic) shoulder.

concerning defendant Boker's conduct and refusal of medical treatment. Plaintiff filed another grievance on May 22, 2008, concerning Dr. Boker not responding to a sick call he turned in on May 12, 2008. Plaintiff alleges that as of filing this action, he "received no answer or redress." However, plaintiff also makes the contrary allegation that on June 2, 2008, defendant Wofford responded to his grievance filed on May 22, 2008.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff seeks leave to proceed without prepayment of fees (Doc. 2) and has submitted the requisite affidavit and financial records in support of his motion. He is reminded that under the Prison Litigation Reform Act a prisoner litigant is required to pay the full district court filing fee of $350.00 for each civil action filed by him. 28 U.S.C. § 1915(b)(1). The granting of leave merely entitles him to pay the filing fee over time with periodic payments from his inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Plaintiff was granted leave to proceed without prepayment of fees in a prior action and has an outstanding fee obligation of $3.08 in that action, Jones v. Courtney, Case No. 04-3255. Because any funds advanced to the court by plaintiff on his behalf must first be applied to plaintiff's outstanding fee obligations, the court grants plaintiff leave to proceed without prepayment of fees in the instant matter. Collection of the full district court filing fee in this case shall begin upon plaintiff's satisfaction of his prior obligation in Case No. 04-3255. The Finance Office of the facility where plaintiff is incarcerated is directed by a copy of this order to collect from plaintiff's account

and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until all plaintiff's outstanding filing fee obligations have been paid in full.   Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**SCREENING**

Because Mr. Jones is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.   28 U.S.C. § 1915A(a) and (b).   Having screened all materials filed, the court finds a responsive pleading is required.

**MARTINEZ ORDER REQUIRED**

The court finds that proper processing of plaintiff's claims cannot be achieved without additional information from appropriate officials of the El Dorado Correctional Facility.   See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); see also Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED that:**

(1) The clerk of the court shall prepare waiver of service

4

forms pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served by a United States Marshal or a Deputy Marshal upon defendants at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.  The report required herein, shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendant.

(2) Officials responsible for the operation of the El Dorado Correctional Facility are directed to undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(C) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendant's answer or response to the complaint.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any tapes of the incident underlying plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the Kansas Department of Corrections to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be

filed until the Martinez report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendant's answer or response to the complaint and the report required herein.  This action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the clerk of the court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the Martinez report ordered herein.  Upon the filing of that report, the KDOC may move for termination from this action.

**IT IS FURTHER ORDERED** that the screening process under 28 U.S.C. § 1915A having been completed, this matter is returned to the clerk of the court for random reassignment pursuant D. Kan. Rule 40.1.

Copies of this Order shall be transmitted to plaintiff, to defendants, to the Secretary of Corrections, to the Attorney General of the State of Kansas, and to the Finance Office of the facility where plaintiff is currently incarcerated.

**IT IS SO ORDERED**.

Dated this 31st day of December, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge