# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MILO A. JONES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Case No. 08-3288-JAR |
| (FNU) BOKOR AND STAN WOFFORD, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court upon Plaintiff's Motion for Default Judgment Sanction Against Defendant CCS Administrator Wofford for the Failure to Respond to Plaintiff's First Request for Interrogatories to Defendant CCS Administrator Stan Wofford (Doc. 109). For the reasons stated below, Plaintiff's motion is denied.

**I.  Background**

On or about September 27, 2009, Plaintiff served his First Set of Interrogatories on Defendant Wofford. After Defendant Wofford did not respond to his interrogatories, Plaintiff filed a motion to compel on or about March 25, 2010.[1] The docket reflects that Defendant Wofford served his responses to Plaintiff's interrogatories on or about April 16, 2009.[2] Plaintiff, however, indicates he never received Defendant Wofford's responses to his interrogatories and filed the instant motion for default judgment on May 13, 2010.

---

[1] Mot. to Compel (Doc. 79).

[2] Notice of Service (Doc. 94).

On May 28, 2010, this Court granted Plaintiff's motion to compel in part and ordered Defendant Wofford to provide complete responses to Plaintiff's interrogatories, with limited exception, by June 11, 2010.[3] On June 11, 2010, Defendant Wofford served supplemental responses to Plaintiff's First Set of Interrogatories.[4]

On July 27, 2010, this Court ordered Defendant Wofford to prepare and serve updated Supplemental Responses to Plaintiff's First Set of Interrogatories that comply with Fed. R. Civ. P. 33 and D. Kan. R. 33.2 within fourteen (14) days of its Order.

**II.     Standard**

Fed. R. Civ. P. 37 authorizes default judgment against a party who fails to obey a discovery order.[5] Because a default judgment is a harsh sanction, due process requires that failure to comply with a discovery order is a sufficient ground only when it is the result of "willfulness, bad faith, or [some] fault of petitioner" rather than inability to comply.[6] The Tenth Circuit has defined a willful failure as "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown."[7]

Additionally, the Tenth Circuit has articulated the following five criteria for a district court to consider when evaluating whether dismissal is an appropriate sanction: "(1) the degree of actual

---

[3] Order (Doc. 114). In its Order, the Court held that Defendant Wofford waived any objections. However, based upon its own review of Plaintiff's interrogatories, the Court found Interrogatory Nos. 1 and 9 to be overly broad.

[4] Notice of Service (Doc. 121).

[5] Fed. R. Civ. P. 37(b)(2)(A)(vi).

[6] *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987) (quotation and citations omitted).

[7] *Id.*

prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[8] Where the fault lies with a party's attorney, that is where the impact of the sanction should be lodged.[9]

**III. Analysis**

Defendant Wofford has not filed a response to the instant motion, and the time to do so has passed. The failure to file a timely response brief typically means, absent a showing of excusable neglect, that "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[10] The Court, however, may evaluate the relief requested by any motion and may still deny the motion where it finds the relief requested to be inappropriate.[11] Here, the Court finds it appropriate to evaluate the relief requested by Plaintiff.

To impose a sanction of default judgment, the Court must find that Defendant Wofford failed to obey a discovery order.[12] At the time Plaintiff filed the instant motion, the Court had not ordered Defendant Wofford to answer or otherwise respond to Plaintiff's interrogatories. Because Defendant Wofford had not violated a discovery order when Plaintiff filed the instant motion, there is no basis upon which to sanction Defendant Wofford.

---

[8] *Ehrenhaus v. Reynolds*, 965 F. 2d 916, 921 (10th Cir. 1992) (quotation and citations omitted).

[9] *M.E.N. Co.*, 834 F.2d at 873.

[10] D. Kan. R. 7.4.

[11] *Quality Trust, Inc. v. Cajun Constructors, Inc.*, No. 04-4157-SAC, 2006 WL 1914164, at *1 (D. Kan. June 27, 2006); *Green v. Dean*, No. 03-3225-JWL, 2005 WL 1806427, at *1 n.2 (D. Kan. Aug. 1, 2005) ("While uncontested motions are ordinarily granted, they are not invariably granted."); *see also Walls v. Int'l Paper Co.*, 192 F.R.D. 294, 296 (D. Kan. 2000) (considering issues raised in motion to compel despite that no response was filed).

[12] *See* Fed. R. Civ. P. 37(b)(2)(A)(vi).

Subsequent to the filing of this motion, on May 28, 2010, the Court ordered Defendant Wofford to provide complete responses to Plaintiff's interrogatories by June 11, 2010. On June 11, 2010, Defendant Wofford served supplemental responses to Plaintiff's First Set of Interrogatories as directed by the Court. Although it is not clear whether Defendant Wofford's initial responses were ever served on Plaintiff, Defendant Wofford's supplemental responses appear to repeat the information contained within the initial responses and supplement certain answers to which Defendant Wofford had previously objected.[13] Thus, Plaintiff appears to have a full and complete set of Defendant Wofford's responses to Plaintiff's First Set of Interrogatories. In addition, Defendant Wofford recently has been ordered to serve updated supplemental responses to these interrogatories.[14]

Accordingly,

Plaintiff's Motion for Default Judgment Sanction Against Defendant CCS Administrator Wofford for the Failure to Respond to Plaintiff's First Request for Interrogatories to Defendant CCS Administrator Stan Wofford (Doc. 109) is hereby denied.

**IT IS SO ORDERED.**

Dated this 28th day of July, 2010, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[13] *See* Doc. 131.

[14] Order (Doc. 133).