lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MILO A. JONES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 08-3288-JAR |
| | ) |
| **(FNU) BOKOR and** | ) |
| **STAN WOFFORD,** | ) |
| | ) |
| **Defendants.** | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Milo A. Jones' Motion in Objection (Doc. 170) to Magistrate Judge Sebelius' October 21, 2010 Order (Doc. 166) denying plaintiff's Motion for an Order Compelling Disclosure. In that Order, Judge Sebelius denied plaintiff's request for an order compelling defense counsel to respond to his request for Officer Richard Schmidling's redirect examination.[1]

Fed. R. Civ. P. 72(b) allows a party to provide specific, written objections to the magistrate judge's order. The rule states that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."[2] With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a *de novo* review; rather, the court applies a

---

[1](Doc. 166 at 2.)

[2]Fed. R. Civ. P. 72(b).

more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to the law."[3] "The clearly erroneous standard applies to factual findings, and 'requires that the reviewing court affirm unless it "on the entire evidence is left with the definite and firm conviction that a mistake has been committed."'"[4]

Plaintiff's objection to Judge Sebelius's Order takes issue with the procedure purportedly established for taking depositions at a status conference held July 21, 2010. As Judge Sebelius noted, plaintiff does not appear to have subpoenaed Schmidling pursuant to Fed. R. Civ. P. 45 and was able to depose Schmidling only after defense counsel offered during that status conference to assist in an effort to move the case forward, even though Schmidling is not a party to this litigation and is not represented by defense counsel.[5] Although defense counsel previously assisted in coordinating the deposition, which occurred in early August at the El Dorado correctional facility, she was not obligated to do so and Judge Sebelius declined to compel redirect examination under these circumstances.[6] After reviewing the Order as well as plaintiff's objections, the Court finds that Judge Sebelius' decision is not clearly erroneous or contrary to law. Therefore, the Court overrules and denies plaintiff's objection to this Order.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion in Objection to the Court's Order (Doc. 170) is OVERRULED and DENIED.

---

[3]*First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

[4]*McCormick v. City of Lawrence*, No. 02-2135-JWL, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005) (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE & PROCEDURE § 3069, at 355 (2d ed. 1997) and quoting *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948))).

[5](Doc. 166 at 2.)

[6]*Id.*

**IT IS SO ORDERED.**

Dated: November 3, 2010

                                                                  S/ Julie A. Robinson
                                                                    JULIE A. ROBINSON
                                                                    UNITED STATES DISTRICT JUDGE