jar

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MILO A. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 08-3288-JAR |
| ) | |
| FNU BOKOR, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This comes before the Court on plaintiff's Motion for Relief from Order for Summary Judgment (Doc. 184). Citing to Rule 60(b)(1),[1] plaintiff asks the Court to reconsider its Memorandum Order and Opinion (Doc. 182) granting summary judgment to defendants.

D. Kan. Rule 7.3(a) allows a party to seek reconsideration of a dispositive order under Rule 59(e) or 60. A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[2] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal

---

[1] Fed. R. Civ. P. 60(b)

[2] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

theories or facts that could have been raised earlier.[3]

By contrast, Rule 60(b) is "an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule."[4] Under Rule 60(b), the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered; . . . (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . [or] it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[5]

Rule 60(b) is "not available to allow a party merely to reargue an issue previously addressed by the court when the re-argument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument" because a Rule 60(b) motion is not a substitute for appeal.[6]

In his motion, plaintiff raises only one ground for relief; that the Court did not correctly calculate his deadline to respond to the motion for summary judgment. By his own calculations, plaintiff acknowledges, his response was one day late. Plaintiff urges the Court to consider his response, albeit untimely, because of his "excusable neglect," and to review the entire record to determine that there are material issues of fact. But, the Court in fact did consider plaintiff's response despite it being untimely filed. As the Court stated in its Memorandum Order and

---

[3]*Servants*, 204 F.3d at 1012; *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[4]*Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).

[5]Fed. R. Civ. P. 60(b).

[6]*Hilliard v. Dist. Ct. of Comanche County*, 100 F. App'x 816, 819 (10th Cir. 2004) (internal quotations omitted).

Opinion, it is improper to grant a motion for summary judgment simply because it is unopposed or because the response is untimely. Rather, the court must determine whether the movant is entitled to summary judgment as a matter of law. The Court also expressly stated that "[h]aving considered plaintiff's response, the Court nonetheless grants defendants' motion for summary judgment, because plaintiff has failed to show that defendants violated the Eighth Amendment or any clearly established constitutional right."[7] For this reason, the Court finds no basis to reconsider its Memorandum Order and Opinion.

**IT IS THEREFORE ORDERED**, that plaintiff's Motion for Relief from Order for Summary Judgment (Doc. 184) is **DENIED.**

Dated: February 3, 2011

                                             S/ Julie A. Robinson
                                             JULIE A. ROBINSON
                                             UNITED STATES DISTRICT JUDGE

---

[7] Doc. 182, p. 2.